STATE OF OREGON
*Respondent,*

*v.*

MICHAEL O'BRIAN PATRICK,
*Appellant.*

(85-CR-0232-JC; 85-CR-0233-JC;
CA A41333 (Control); CA A41334)
(Cases Consolidated)

742 P2d 690

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this criminal appeal, defendant seeks reversal of his conviction for theft in the first degree and burglary in the second degree. He assigns as error the trial court's denial of his motions to suppress evidence seized from his bedroom closet and certain statements which he made following the search and seizure. The only question is whether defendant consented to the warrantless search and seizure by remaining silent.[1]

On September 27, 1985, a Bonneville Power Administration (BPA) janitor reported that a suspicious old red pickup was parked in a BPA parking lot. Three days later, a BPA district engineer discovered that someone had stolen electronic testing equipment valued at $10,000 to $30,000 from his vehicle. The officer investigating the theft visited defendant and his father at their residence. The father, who owned the residence, invited the officer inside. The officer inquired about the use of an old red pickup, which belonged to defendant's father. Defendant denied driving the pickup on the date in question. The father expressly gave the officer permission "to look around the house." The officer, followed by defendant and his father, went upstairs, where there were two bedrooms and a bathroom. Defendant's father pointed and said, "This is my son's room," and opened the door.[2] The officer entered the room, followed by the father, who pointed to the bed and a closet. Defendant remained in the hall, silent. The officer opened the closet and saw two large aluminum cases. Defendant, who was still in the hall, said, "Dad didn't know nothing about it." The officer advised defendant of his *Miranda* rights and seized the cases, placing them, with defendant's assistance, in the patrol car. The officer also noticed several old Bibles and a chain saw in defendant's room. In response to the officer's questions, defendant admitted that he had obtained them in a burglary.

The trial court denied defendant's motions to suppress the seized evidence and the statements on the ground that his conduct constituted a silent consent to the search

---

[1] Defendant does not argue that, if there was consent, it was not voluntarily given.

[2] The state does not contend that the trial court based its decision on a finding of the father's common right of access to defendant's room.

and, therefore, the evidence and statements were not the result of an illegal search. Because the conclusion that defendant consented requires the application of legal principles to historical facts, we must independently examine the uncontested facts to determine whether defendant's conduct amounted to consent. *State v. Warner,* 284 Or 147, 585 P2d 681 (1978). Defendant was present during the officer's entire visit. When his father consented to the officer's request "to look around the house," defendant was standing immediately beside his father and remained silent. At the top of the stairs, when defendant's father opened the door to his room, defendant remained outside the door, said nothing and made no movement to bar entry. The setting was not coercive and, in fact, the entire encounter had seemingly been rather friendly. There is no indication that defendant is mentally deficient or was for some reason unable to object.

We hold that defendant, by his failure to object to his father's apparent authorization of the search of his room, consented to it. Accordingly, the trial court did not err in denying his motions to suppress.

Affirmed.